UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANET WATKINS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-01371-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| GMAC MORTGAGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is a declaratory judgment action relating to the property of *pro se* Plaintiff Janet Watkins. (Compl., ECF No. 1.)  Before the Court are the Motion to Dismiss (ECF No. 7) and Motion to Expunge Lis Pendens (ECF No. 9) filed by Defendant GMAC Mortgage, LLC ("GMAC").  Also before the Court is Defendant's "Request for Decision on Motion to Dismiss or in the Alternative Request for Hearing." (ECF No. 19.)

**I.     BACKGROUND**

On August 2, 2012 Plaintiff filed her Complaint (ECF No. 1) before this Court along with a Notice of Lis Pendens (ECF No. 4) and Notice of Pendency of Action to Quiet Title (ECF No. 5).

Plaintiff alleges that she has title to the property located at 9579 Summer Cypress Street, Las Vegas, NV, 89123, APN #: 177-23-815-023 ("the property"). (Compl., 1:¶¶1-2.)  On May 14, 2012, Plaintiff alleges that she received notice of Defendant's plan to file Chapter 11 bankruptcy. (*Id*. at 3:¶7.)  Plaintiff alleges that Defendant committed mortgage fraud, acted illegally in selling mortgage notes and separating the note from the title, and in changing the locks at the property and attempting to foreclose on June 22, 2012. (*Id*. at 2:¶6-7.)  Plaintiff disputes any claim that Defendant holds interest in the property under the Deed of Trust. (*Id*. at

1:¶¶3-4.)  Plaintiff requests a declaratory judgment in her favor pursuant to sections 30.010 through 30.160 of Nevada Revised Statutes, Nevada's Uniform Declaratory Judgments Act. (*Id*. at 2:¶5.)

In her Notice of Pendency of Action to Quiet Title (ECF No. 5), Plaintiff claims that "[t]he object of this action is to ask the Court for Quiet Title pursuant to the following Nevada Revised Statutes 40.750," and states that she "seeks to file an action in the District Court for the County of Clark, State of Nevada" relating to the property, which "defendant is unlawfully attempting to take title and possession of . . . without proof of legal standing of right of ownership of original note."

In her Notice of Lis Pendens (ECF No. 4), Plaintiff states that "a Complaint for a declaratory judgment has been filed in the above-entitled Court by the Plaintiff against the named Defendant," relating to the property.

Defendant filed the instant Motion to Expunge Lis Pendens (ECF No. 9) and Motion to Dismiss (ECF No. 7) along with a Request for Judicial Notice (ECF No. 8) attaching publicly recorded documents relating to the property.  Plaintiff opposed the Motion to Dismiss (ECF No. 11), but did not oppose the Motion to Expunge Lis Pendens.

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v.*

*Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

### III.   DISCUSSION

#### A.   Motion to Dismiss and Motion to Expunge Lis Pendens

To the extent that Plaintiff is claiming a cause of action for fraud, quiet title, or any other action aside from a declaratory action, the Court finds that Plaintiff has failed to give adequate notice of a legally cognizable claim and the grounds upon which it rests pursuant to Rule 12(b)(6) and the *Iqbal*/*Twombly* standards, discussed above.  Accordingly, to the extent that Plaintiff is alleging such causes of action, the Court grants Defendant's Motion to Dismiss and will give Plaintiff leave to file an amended complaint if she can cure this deficiency.  To the extent that Plaintiff is pleading entitlement to a declaratory judgment, the Court must also dismiss with leave to amend, as discussed below.

Nevada's Uniform Declaratory Judgments Act provides for judicial determination of any question of construction or validity arising under a written instrument constituting a contract,

and for a declaration of rights, status or other legal relations thereunder. Nev. Rev. Stat. § 30.040(1). The provisions of the Act are to be liberally construed and administered, and are intended to be remedial, in order to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations. Nev. Rev. Stat. § 30.140. The Act provides that a court may refuse to render or enter a declaratory judgment where such a judgment would not terminate the uncertainty or controversy giving rise to the proceeding. Nev. Rev. Stat. § 30.080.

Defendant does not address Plaintiff's claim under Nevada's Uniform Declaratory Judgments Act, except to apparently construe it as a citation to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. (Mot. to Dismiss, 8:1-8, ECF No. 7.) The remainder of Defendant's motion does not helpfully address Plaintiff's claims, so the Court conducts it's analysis below.

In her opposition to Defendant's motion, Plaintiff appears to allege that she was behind in her mortgage payments in early 2012, and in June 2012 mailed three months of mortgage payments to become current. (Resp. to Mot. to Dismiss, ECF No. 11.) Plaintiff alleges that at this time Defendant returned her checks and took possession of the property by changing the locks illegally on June 20, 2012 without proper notification. (*Id.*) Plaintiff refers to the distress and financial hardship caused by this action and her subsequent need to obtain counsel to repossess the property. (*Id.*) Plaintiff also refers to her failed attempts to discuss a loan modification. (*Id.*) In the last sentence of her Opposition, Plaintiff states that she "is also concerned with the legal standing Defendants have to take possession of her property, since they may have sold the mortgage in the securitization process; and therefore, lost chain of title." (*Id.* at 3:12-15.)

Here, the Court finds that Plaintiff has not given Defendant fair notice of which written instrument she refers to as the "Deed of Trust," on which she wants the Court to declare her

rights and Defendant's rights and obligations, if that is indeed the grounds for her requested relief. The Court also finds that Plaintiff has not clearly stated what the uncertainty or controversy is that the Court's determination might resolve, pursuant to the Act. Accordingly, the Court must dismiss Plaintiff's Complaint as failing to satisfy the Rule 12(b)(6) and *Iqbal*/*Twombly* standard, but will dismiss the complaint without prejudice, so that Plaintiff may file an amended complaint if she can cure the deficiencies.

Regarding Plaintiff's Notices (ECF Nos. 4-5), the Court recognizes that Plaintiff has not alleged an action to quiet title here, as described in her Notice of Pendency of Action to Quiet Title (ECF No. 5), but does not find that expungement of the lis pendens (ECF No. 4) is appropriate at this time. Accordingly, the Court will deny Defendant's Motion to Expunge Lis Pendens (ECF No. 9) without prejudice.

**B.  Defendant's Request**

Finally, the Court refers Defendant's counsel to Rule 7(b) and Rule 11 of the Federal Rules of Civil Procedure in relation to the document filed on February 8, 2013, styled as a "Request for Decision on Motion to Dismiss or in the Alternative Request for Hearing" (ECF No. 19). The "Request" was signed by Christopher L. Benner, Nevada Bar No. 008963, and in nine lines of text includes a five-line statement of the procedural history of this action, and a four-line statement of the purported grounds for the motion. This four-line statement consists of one sentence stating, "In the interest of judiciary [sic] economy as the Motion has been fully briefed, the Defendant respectfully request [sic] that this Honorable Court summarily grant the Defendant's Motion to Dismiss, or in the alternative the Defendant respectfully request [sic] that this Honorable Court set a hearing date for Defendant's Motion to Dismiss." Because Defendant's Motion to Dismiss (ECF No. 7) already requests the relief of a decision in Defendant's favor, the Court construes the instant request as one for a different type of relief. Here, focusing on the word "summarily" in Defendant's request, the Court construes this

sentence as describing a request for relief in abbreviated temporal form, and in the alternative, for a hearing on the motion.

Rule 7(b) provides that a request for a court order must be made by motion, stating the relief sought and stating with particularity the grounds for seeking the order. Fed. R. Civ. P. 7(b).  Rule 78(b) of the Federal Rules of Civil Procedure and Rule II. 78-2 of the Local Rules of Practice of the United States District Court for the District of Nevada provide for submission of a motion on the briefs without oral hearings, at the court's discretion. D. Nev. R. II. 78-2; Fed. R. Civ. P. 78(b).  The Chambers Practices of United States District Court Judge Gloria M. Navarro are available at the website for the United States District Court for the District of Nevada (http://www.nvd.uscourts.gov/files/gmn-chamberspractices.pdf), and provide that motion hearings will not be automatically scheduled and that motions will generally be resolved without a hearing if no just cause is presented.

Here, the only grounds presented by Defendant for an expedited decision or a hearing appears to be "judiciary [sic] economy" because "the Motion has been fully briefed."[1]  The Court finds that this is an insufficient basis on which to grant the requested relief.  Specifically, the Court finds that disposition of the motion is appropriate without a hearing and no just cause is given to justify prioritizing Defendant's motion ahead of all other earlier-filed motions by parties in other cases pending before the Court.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 7) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**.  Plaintiff may file an amended complaint curing the deficiencies described in this Order by **Monday, May 15, 2013**.  Failure to file an amended complaint by this time will result in dismissal of this action with prejudice.

---

[1] Defendant does not appear to claim a need to resolve "an emergency dispute" as provided for in Rule I. 7-5 of the Local Rules.

1   **IT IS FURTHER ORDERED** that the Motion to Expunge Lis Pendens (ECF No. 9) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the document styled as a "Request for Decision on Motion to Dismiss or in the Alternative Request for Hearing" (ECF No. 19) is **DENIED**.

**DATED** this 29th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge