UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JANET WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-01371-GMN-GWF |
| | ) | |
| vs. | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| GMAC MORTGAGE, | ) | |
| | ) | Defendant's Motion to Deem |
| Defendant. | ) | Settlement Agreement Executed (#43) |
| _____ | ) | |

This matter comes before the Court on Defendant's Motion to Deem the Settlement Agreement Executed (#43) filed on May 1, 2014. No opposition was filed in this matter.

## BACKGROUND

On May 14, 2013, Plaintiff filed an Amended Complaint against Defendant GMAC Mortgage, LLC (incorrectly identified as GMAC Mortgage), for alleged Mortgage Fraud. *See Doc. #28* at pg. 4. During a settlement conference held on August 13, 2013 before the undersigned, the parties reached a settlement agreement. *See Dkt. #35*. At the conclusion of the settlement conference, the parties signed a Memorandum of Settlement Agreement which included the material terms of the agreement and instructed the parties to "execute full and complete settlement documents to carry the terms stated in this Memorandum into effect." The agreement was later reduced to writing as ordered. Defendant, however, has been unable to locate Plaintiff to execute the settlement agreement or the associated exhibits to effectuate the terms of the agreement. Despite numerous efforts by Defendant's counsel to contact Plaintiff, Plaintiff has remained unresponsive. When Plaintiff failed to appear for a telephonic status conference scheduled on January 27, 2014, the Court directed Defendant to bring the present Motion (#43) to enforce the

settlement agreement. *See Dkt. #38.* A hearing was scheduled on Defendant's Motion (#43) for May 29, 2014, but was later vacated due to Plaintiff's failure to file an opposition in the matter.

## **DISCUSSION**

It is a well-settled principle that a court has inherent power summarily to enforce a settlement agreement involving an action pending before it. *See Dacanay v.* Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978). The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation. *See In re Springpark Assoc.*, 623 F.2d 1377, 1380-81 (9th Cir. 1980). Furthermore, under Nevada law, an agreement to settle pending litigation can be enforced by motion in the case being settled if the agreement is either reduced to a signed writing or entered in the court minutes following a stipulation. *See Grisham v. Grisham*, 289 P.3d 230, 233 (Nev. 2012).

Here, the parties reached a valid settlement agreement at a settlement conference before the undersigned. *See Dkt. #35*. Both parties signed a Memorandum of Settlement Agreement containing the material terms of the settlement. Defendant contends that there is no dispute as to the terms of the settlement reached, rather the sole remaining issue is the formal execution of the agreement. *See Doc. #43* at pg. 3-4. The Nevada Supreme Court has held that a settlement contract can be formed when the parties have agreed to its material terms, even though the contract's exact language is finalized at a later time. *See May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1256 (2005); *see also Singh v. Reed*, 551 Fed.Appx.927, 927 (9th Cir. 2014) (holding that plaintiff's signature to a settlement agreement was not a precondition to enforcement of the agreement when other evidence established acceptance to the material terms). "In the case of a settlement agreement, a court cannot compel compliance when material terms remain uncertain. The Court must be able to ascertain what is required of the respective parties." *See May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1256 (2005). Here, the Court conducted the settlement conference and was privy to the material terms of the confidential agreement reached. Furthermore, Defendant filed the confidential settlement agreement under seal, which the Court has reviewed and finds to be consistent with the agreed to terms at the settlement conference.

Defendant should not be prejudiced due to its inability to locate Plaintiff to obtain the proper signatures. It is therefore recommended that the Settlement Agreement and Release between the parties be deemed fully executed and Plaintiff's case dismissed with prejudice. Accordingly,

### RECOMMENDATIONS

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Deem the Settlement Agreement Executed (#43) be **granted.**

**IT IS FURTHER RECOMMENDED** that the Settlement Agreement reached between the parties at the August 13, 2013 settlement conference be deemed fully executed, along with the accompanying exhibits and Release.

**IT IS FURTHER RECOMMENDED** that this action be dismissed with prejudice.

### NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 29th day of May, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge